**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Mairec Precious Metals U.S., Inc.,<br><br>Debtor(s). | C/A No. 19-01198-HB<br><br>Chapter 11<br><br>**ORDER ALLOWING INTERIM COMPENSATION** |

**THIS MATTER** is before the Court on the Interim Application for Compensation filed by Beal, LLC ("Applicant"), counsel to the Official Committee of Unsecured Creditors, requesting compensation in the amount of $312,892.50 for services rendered from March 19, 2019, through May 31, 2019.[1] The Application summarized and categorized the Applicant's services and attached 127 pages of time sheets in support. The Office of the United States Trustee ("UST") filed an Objection, requesting a twenty percent (20%) reduction of the requested fees.[2] The Objection notes duplication of services by the Applicant's attorneys and questions the benefit of some services.

Despite settlement discussions, the parties were unable to resolve this matter and a contested hearing was held on July 23, 2019. Michael M. Beal testified on behalf of the Applicant and the testimony of the Committee Chair, Michael Novellino, was proffered in support of the Application. The Court received documentary evidence from the Applicant and the UST. Also present at the hearing were Janet Haigler, Chapter 11 Trustee, and her

---

[1] ECF No. 258, filed Jun. 5, 2019. Professionals in this case are operating under the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*. (ECF No. 107, entered Mar. 27, 2019). Pursuant to that Order, Applicant previously applied for fees in the amount of $54,993.75, for the period of March 19, 2019 to March 31, 2019, and agreed to a $3,000.00 reduction at the request of the UST, leaving $51,993.75. 80% of that amount ($41,595.00) was paid pursuant to relevant procedures. Those fees are included in this formal Application; therefore, the total fees requested of $315,892.50 are reduced by $3,000.00. An order concerning reimbursement for expenses incurred by the Firm during this period was entered separately. (ECF No. 328, entered Jul. 24, 2019).
[2] ECF No. 287, filed Jun. 27, 2019.

counsel. The Chapter 11 Trustee does not object to the Application and has funds ready to pay the Applicant. The Trustee represented to the Court that the work done by Applicant has been and will continue to be beneficial to the progress of this case.

A history of this case is evident from the docket, which began with the filing of the voluntary Chapter 11 petition on March 1, 2019, and currently includes over 325 entries. Reference is made to the docket and orders previously entered for the events of this case. However, several facts warrant comment to provide context to the Court's decision.

Debtor Mairec Precious Metals U.S., Inc. ("Mairec") has significant assets for liquidation and distribution to unsecured creditors and professionals. Unsecured claims total approximately $51,000,000.00. The Committee is active and sophisticated. Applicant was hired and appointed through a competitive process and the rates were negotiated. Hourly rates for the experienced bankruptcy attorneys in the Application are $475.00, $450.00, and $350.00.[3] The Applicant and the Committee were instrumental in obtaining the appointment of the Chapter 11 Trustee and changing the direction of this case. The early days of this case were intense and Applicant was required to swiftly direct all its resources to this case and catch-up with other counsel and parties in interest already involved. The Committee consists of five members and the evidence indicates as many as 18 individuals were involved in Committee conference calls requiring Applicant's counsel. The Committee supports approval of the Application without reduction.

---

[3] A sampling of hourly rates for other estate professionals include: $695.00 for CRO David M. Baker; $475.00 for Deputy CRO Laura C. Kendall; $475.00 for the Debtor's lead counsel, G. William McCarthy, Jr.; and $410.00 for the Chapter 11 Trustee's counsel, Stanley H. McGuffin. This case was handled only by counsel located and licensed in South Carolina. *Cf. In re Cafe Holdings Corp.*, C/A No. 18-05837-hb (Bankr. D.S.C. 2018) (the highest hourly rate for counsel for the unsecured creditors' committee admitted *pro hac vice* was $1,050.00, plus local counsel's highest rate of $565.00; the highest rate for debtor's counsel admitted *pro hac vice* was $725.00, plus local counsel's highest rate of $350.00).

2

Section 330(a) authorizes "reasonable compensation for actual, necessary services rendered" by estate professionals. 11 U.S.C. § 330(a)(1)(A). To determine reasonableness, § 330(a)(3) instructs the Court to consider the following factors:

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). The Fourth Circuit has instructed bankruptcy courts to review fee applications in light of the following additional factors:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorneys' fees awards in similar cases.

*Harman v. Levin*, 772 F.2d 1150, 1151 n.1 (4th Cir. 1985) (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)). The applicant has the burden of demonstrating the fees and expenses requested are reasonable. *In re Shafer Bros. Constr. Inc.*, 525 B.R. 607, 615 (Bankr. N.D. W.Va. 2015) (citing *In re Goodbar,* 456 B.R. 644,

3

648 (Bankr. W.D. Va. 2011)). Such determination is within the sound discretion of the Court. *Id.*

The Court and the bankruptcy system rely on the UST to review fee applications, ask difficult questions, and request a reduction in compensation and compromise when appropriate. The UST performed its duties in this case for this Application and others. The UST has called certain matters to the Court's attention and demanded that Applicant meet its burden of proof.

The Court has reviewed the Application and time records in detail and considered applicable authorities. At first glance, it appears the UST's Objection to some of the fees should be sustained. Now knowing the outcome, one could question the use of multiple attorneys and the value of certain work and time spent on strategic maneuvers. However, Beal's testimony responded to the issues raised by the UST and provided support for Applicant's approach to this case, strategy for the Committee, and staffing for the various tasks performed. The work in question was performed at the direction of the Committee and the Applicant was successful in achieving its client's goals. Staffing and efforts utilized by the Applicant to confront the various complex issues presented by this case appear not only reasonable, but necessary to effectively represent the Committee to this point. Also, the attorneys' hourly rates were appropriate.

Payment of the requested compensation will be from Debtor's funds available for distribution to unsecured creditors, yet the Committee who speaks for the unsecured creditors supports approval and payment of the fees in full. The Committee and the Chapter 11 Trustee are pleased with the results and have no objection to the requested compensation as fair and reasonable.

After careful consideration of the testimony, evidence, and applicable law, and given the Court's knowledge of this case, the Court finds that Applicant has met its burden of proof and the UST's objection is overruled.

**IT IS, THEREFORE, ORDERED THAT:**

1. the Application is granted;

2. the fees in the total amount of $312,892.50 for the time period from March 19, 2019 through May 31, 2019 are approved; and

3. the Chapter 11 Trustee is authorized and directed to pay the foregoing consistent with prior orders.

**FILED BY THE COURT**
**07/25/2019**



Entered: 07/25/2019

US Bankruptcy Judge
District of South Carolina